IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4009-01-CR-C-NKL |
| | ) | |
| ERIC SCOTT McCAULEY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Eric Scott McCauley has filed four motions to dismiss one or more counts of the indictment against him. The Government has responded to all four motions in one document. Defendant has filed no reply to the Government's response. There do not appear to be any facts in dispute; the indictment is what it is; thus, the motions are now ready for ruling.[1]

Defendant's motions seek dismissal of the charges in the indictment alleging that the indictment is insufficient. Specifically, defendant alleges: (1) Count Twenty-Eight's charge of conspiracy fails to allege with sufficient detail the identity of conspirators and fails to give defendant proper notice of the charges against him; (2) Counts Seven through Twenty-Six, and Count Twenty-Eight fail to sufficiently allege the "purpose" of the alleged money-laundering charge, and therefore, are unconstitutionally vague and violate due process; (3) Counts One and Twenty-Eight fail to allege a single conspiracy; and (4) Count Twenty-Eight should be dismissed on duplicity grounds.

"An indictment is legally sufficient on its face if it contains all the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993) (citing United States v. Young, 618 F.2d 1281, 1286 (8th Cir. 1980)).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendant's motion (211) to dismiss Count Twenty-Eight of the indictment for failure to state an offense on grounds of vagueness and violation of due process should be denied. This court has reviewed the indictment in its entirety and finds it is sufficient to inform defendant of the charges against him. The indictment, including Count Twenty-Eight, adequately notifies the defendant of the offenses charged so that he can prepare a defense, and provides sufficient information to enable him to raise the double-jeopardy defense should the need arise. The purpose of the indictment is not to give detailed disclosure of the Government's evidence at trial. Thus, because this court finds that the indictment meets the sufficiency requirements, defendant's requests for additional details that are not included in the indictment, such as full disclosure of conspirators, should be denied. Long v. United States, 296 F.2d 148, 150-51 (8th Cir.1961) (when indictment meets sufficiency requirements, "[m]ore may not be expected or required"). See also United States v. Garrett, 2009 WL 1086974 *4 (E.D. Mo. 2009) (holding that because the indictment was found to be sufficient, the details of specific time and place of offenses alleged, the identity of the persons identified only by initials, etc., were not necessary). Much of the additional detail requested by defendant is available through discovery.

Defendant's motion (213) to dismiss Counts Seven through Twenty-Six, and Twenty-Eight on grounds that these counts fail to sufficiently allege the "purpose" (concealment) of the alleged money-laundering charge, and therefore, are unconstitutionally vague and violate due process should also be denied. The counts charged in the indictment specifically state the transactions were designed "in whole and in part to **conceal** and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity. . . ." This language specifically tracks the statutory language and states the essential elements of the crime for which defendant is charged. This is legally sufficient. United States v. Opsta, 659 F.2d 848, 850 (8th Cir. 1981) (indictment is sufficient when it tracks the statutory language of offense and such statutory language sets forth the necessary elements of the offense).

Defendant's motion (210) seeks dismissal on grounds that Counts One and Twenty-Eight of the indictment charge separate conspiracies rather than a single conspiracy and are too broad should be denied. Count One alleges a conspiracy to distribute and possess with intent to distribute narcotics, and Count Twenty-Eight charges conspiracy to launder funds derived from

2

the narcotics activity. Defendant alleges it may be one conspiracy rather than two. If defendant engaged in only one conspiracy to engage in both types of conduct, that is an issue to be addressed at trial. The court can dismiss a count if the evidence supports only one conspiracy. The Government is entitled to charge separate conspiracies if, in fact, they could be separate conspiracies, and the Government has evidence to support that theory.

The defendant does not dispute that the Government's allegations track the language of the statute and cite all the essential elements of the offense. In fact, as the Eighth Circuit has observed, "[a]n indictment will ordinarily be held sufficient, unless (it is) so defective that by no reasonable construction can it be said to charge the offense for which the defendant (was) convicted." United States v. Young, 618 F.2d 1281, 1286 (8th Cir. 1980) (quoting Muench v. United States, 96 F.2d 332, 335 (1938) (internal marks omitted). Counts One and Twenty-Eight clearly set out the offenses charged and are sufficient.

The defendant also argues, separately but relatedly, that the Indictment violates due process by its "vagueness." (Doc. 210 at 6.) Again, there is no legal support for the dismissal of an indictment which, as this one does, properly states the essential elements of the offense, and gives adequate notice so that the defendant can defend himself and plead the acquittal or conviction as a bar to subsequent prosecution for the same offense. The defendant does not articulate a way in which his Indictment fails to meet these requirements, or any other way in which the Indictment or statute is "vague," other than to state that the dates are "broad" and that there are multiple alleged participants in the conspiracies. There is no support for the contention that a conspiracy may not span several years or multiple participants.

Defendant's motion (212) to dismiss Count Twenty-Eight of the indictment on the grounds of duplicity should also be denied. "Duplicity is the joining in a single count of two or more distinct and separate offenses." United States v. Moore, 184 F.3d 790, 793 (8th Cir. 1999) (quoting United States v. Street, 66 F.3d 969, 974 (8th Cir. 1995)). An indictment is not duplicitous "when the underlying statute is one which merely enumerates one or more ways of committing a single offense." Id. In such cases, the Government may charge in the conjunctive, in one count, and proof of any of the enumerated methods is sufficient to sustain a conviction. Id. The crime of conspiracy to commit money laundering is a single offense, which may have

separate or multiple objects.  The conspiracy charge is not duplicitous.  See United States v. Trevino, 2007 WL 1174852 (E.D. Mo. 2007) (unpublished).

Thus, as set forth above, this court finds the indictment against defendant to be legally sufficient and fairly informs the defendant of the conduct which provides the basis of the charges against him.  The further specificity that defendant seeks is not necessary to meet the sufficiency requirements for an indictment, or is available from the Government in discovery.  This court has no reason to believe the Government will not comply with this court's Scheduling Order which provides liberal discovery to defendant.

IT IS, THEREFORE, RECOMMENDED that defendant Eric Scott McCauley's motions to dismiss be denied.  [210, 211, 212, 213].

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same.  A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 23rd day of February, 2011, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge