IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 07-4009-01-CR-C-NKL |
|  | ) |  |
| ERIC SCOTT McCAULEY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) |  |

ORDER

On February 23, 2011, United States Magistrate Judge William A. Knox recommended that the Court enter an Order denying Defendant Eric Scott McCauley's ("McCauley") motions to dismiss various counts due to alleged insufficiencies in the indictment [Docs. # 210, 211, 212, 213]. Report and Recommendation [Doc. # 231].

Having conducted an independent review of the record, the Court concludes that the Magistrate Judge's Report and Recommendation ("Report") is correct and should be adopted. The Court notes McCauley's objections to the Magistrate Judge's Report and Recommendation and clarifies the ruling as follows.

McCauley asserts that the Report failed to address whether the nature of the alleged conspiracies in Counts One and Twenty-Eight required that the crimes be charged with greater specificity. [Doc. # 249, ¶ 10]. The Court finds that the Report clearly

explained that the indictment meets sufficiency requirements and that "[m]ore may not be expected or required." [Doc. # 231, at 2 (quoting *Long v. United States*, 296 F.2d 148, 150-51 (8th Cir. 1961))]. Thus, Counts One and Twenty-Eight of the indictment each sufficiently allege a single conspiracy that occurred during a time span, and as noted in the Report, provides sufficient information to enable McCauley to raise the double-jeopardy defense should the need arise. Indeed, McCauley cites to no authority to support his contention that the Government is required to provide in the indictment more precise dates of transactions and identities of participants, or that the Government's failure to do so means that it failed to adequately allege a single conspiracy. McCauley's argument that discrete transactions may have taken place during the alleged duration is a matter to be adduced at trial. Additionally, that the Government intends to introduce similar acts evidence prior to the start of the conspiracy does not bear on the sufficiency of the indictment.

McCauley urges the Court to reconsider Judge Knox's recommendation that the conspiracy charge in Count Twenty-Eight is not duplicitous. The Court does not repeat the sound reasoning of the Report here, but notes that McCauley's arguments primarily concern juror unanimity [Doc. # 249, ¶ 24] which can be addressed in his proposed jury instructions.

Finally, McCauley asserts that Counts Seven through Twenty-Six of the indictment concerning money laundering are insufficient because they fail to allege that the purpose of the financial transactions was to conceal the nature, location, source, ownership, and

control of the funds. McCauley cites to *Cuellar v. United States*, 553 U.S. 550 (2008) and *United States v. Faulkenberry*, 614 F.3d 573 (6th Cir. 2010), for support. Both cases clarify that the meaning of the term "design," as it is used in 18 U.S.C. § 1956 (a)(1)(B) and (a)(2)(B), includes "purpose." However, McCauley fails to show how the interpretation of the statute in these cases requires that an indictment based on Section 1956(a)(1)(B) allege a "purpose." Indeed, these cases speak to the sufficiency of evidence to prove a charge under Section 1956, and not the adequacy of an indictment that tracks the language of the statute and employs the word "designed."

Accordingly, it is hereby

ORDERED that Magistrate Judge Knox's Report and Recommendation of February 23, 2011 [Doc. # 231], is adopted.

                                                                s/ Nanette K. Laughrey
                                                                NANETTE K. LAUGHREY
                                                                United States District Judge

Dated: March 11, 2011
Jefferson City, Missouri