IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 07-04009-01-CR-C-NKL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ERIC SCOTT MCCAULEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On March 16, 2011, the jury found Defendant Eric Scott McCauley ("McCauley") guilty on twenty-nine counts related to a marijuana drug conspiracy. Pending before the Court is McCauley's Motion for Judgment of Acquittal and/or Motion for a New Trial [Doc. # 287], as well as his Motion for Judgment of Acquittal at the Close of the Government's Evidence [Doc. # 273]. For the following reasons, the Court denies both motions.

**I.    Discussion**

    **A.    Judgment of Acquittal**

The Court should deny a motion for judgment of acquittal "where the evidence, viewed in the light most favorable to the government, is such that a reasonable jury could

1

have found each of the essential elements of the crime beyond a reasonable doubt."
*United States v. Moyer*, 182 F.3d 1018, 1021 (8th Cir. 1999) (citations omitted).

McCauley first argues that the Government failed to introduce sufficient evidence to support Count One, the conspiracy to distribute marijuana because there was a seven-month hiatus in the Defendant's drug dealing. McCauley concludes that this shows there were multiple drug conspiracies, not the single conspiracy that was charged. However, the evidence, when viewed in the light most favorable to the Plaintiff, showed that while there were multiple co-conspirators with overlapping dates of involvement, they operated under one overall agreement. Although the conspiracy spanned several years and some conspirators withdrew over the course of the conspiracy, the inference that a single conspiracy existed remained undefeated. *See United States v. Adipietro*, 983 F.2d 1468, 1475 (8th Cir. 1993). For instance, testimony established that early co-conspirators such as Justin Pierson and Adam Clough had dealings with a later co-conspirator, Galen Baxley. For the same reasons, the Court rejects McCauley's argument that the evidence created a variance from the indictment.

McCauley also argues that the evidence was insufficient on Count Two, possession with intent to distribute 100 kilograms or more of marijuana, because it did not link McCauley to the 4647 Brandon Woods residence and Audi vehicle located there where 240 pounds of marijuana were found during the execution of search warrants. However, at least one witness, Thomas Grellner, testified that he had previously gone with McCauley to retrieve marijuana at that location and that McCauley had previously stored

marijuana in the Audi. There was additional testimony by Grellner that the registered owner of the Audi, Robert Hocks, was associated with McCauley. When viewed in the light most favorable to the Government, a reasonable juror could find that the marijuana in the Audi was constructively possessed by McCauley and he had the intent to distribute it.

McCauley attacks his convictions on Counts Three, Four, and Five, each charging the offense of a monetary transaction in criminally derived property, arguing that the Government did not prove that any transaction actually occurred nor that they involved proceeds from drug trafficking. Because the Government presented bank records supporting that the transactions took place, income analysis tending to show that McCauley did not have legitimate income sufficient to accumulate these bank accounts and trial testimony that McCauley's drug trafficking activities supported the underlying source of the funds, there was sufficient evidence from which a jury could conclude McCauley committed the crimes charged in these counts. McCauley's evidence of several legitimate insurance checks did not undercut the strength of the Government's evidence on these counts because they did not account for the total sums in the bank accounts.

McCauley next argues that the Government failed to produce sufficient evidence to support the convictions of money laundering in Counts Seven through Twenty-Six. McCauley specifically claims that the evidence was insufficient to prove that he conducted financial transactions with money known to be proceeds from the distribution

of marijuana. However, the Government introduced bank records to show that the financial transactions occurred. Additionally, the Government offered testimony that Andrew Tarwater kept the accounts in Tarwater's name to conceal that the funds came from McCauley and that McCauley paid him to do this. Thus, there was ample evidence from which the jury could conclude that McCauley was guilty of money laundering, *Kotteakos v. United States*, 328 U.S. 750, 768-769 (1946), and conspiracy to commit money laundering.

McCauley also attacks his conviction for possession with intent to distribute marijuana, County Twenty-Nine. Yet, the evidence showed that around twelve pounds of marijuana was located in a white Lincoln in Kansas City, Missouri. According to testimony by co-conspirator Galen Baxley, the Lincoln had been used exclusively by McCauley. Also, in a recorded call, McCauley said the marijuana was in the Lincoln, and a fingerprint expert testified that a print belonging to McCauley was on the packaging of the marijuana. This evidence was sufficient to support the conviction.

McCauley also attacks his conviction for distributing marijuana in December 2008, Count Thirty. At trial, the jury heard recorded phone calls in which McCauley arranged the 2008 deal and said he put the marijuana in a wheel well. Jeff Heath and Jeff Rukstad testified that they retrieved the marijuana from the place McCauley said it was hidden. This is ample evidence of McCauley's guilt on Count Thirty.

### B. Grounds for a New Trial

Rule 33(a) provides that "the Court may . . . grant a new trial [to a defendant] if the interest of justice so requires." Fed. R. Crim. P. 33(a). The trial court has broad discretion to grant or deny a motion for new trial based upon the weight of the evidence, and "the trial court can rely on its own reading of the evidence – it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992) (quotation omitted). However, the trial court should exercise this discretion "sparingly and with caution" and only "if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002); *United States v. Anthony*, 537 F.3d 863, 867 (8th Cir. 2008).

As with his motion for judgment of acquittal, in his motion for a new trial McCauley argues that the evidence supported multiple conspiracies, and that the Court erred in refusing to give a multiple conspiracy instruction for both Counts One and Twenty-Eight. As discussed above, however, the evidence did not support a multiple conspiracy instruction. Since the evidence did not support McCauley's theory of two conspiracies, he was not entitled to this instruction.

McCauley also argues that the Court erred in refusing to give a special verdict director with respect to Count Twenty-Eight, the money laundering conspiracy. He argues that the lack of a special verdict form could have led the jury to convict without unanimity. However, the jury was specifically instructed that they must unanimously agree on which object offense was committed [Doc. # 275 at 36, Instruction 30]; *see*

5

*United States v. Pierce*, 479 F.3d 546, 552. The jury is presumed to have followed the Court's instructions. *Pierce*, 479 F.3d at 552.

McCauley next argues that the Court erred in permitting evidence of marijuana sales from around 2000, which was prior to the date of the charged conspiracy. The evidence was that McCauley was selling distribution amounts of marijuana as early as 2000, which was relevant to McCauley's motive and intent to commit the charged crime, and tended to show that McCauley knowingly entered into an agreement to distribute marijuana with others in 2005. McCauley argues that the evidence was not "intrinsic" to the crime charged, but that does not mean that it is not admissible under Rule 404(b). *See United States v. Forcelle*, 86 F.3d 838, 843 (8th Cir. 1996) (separately considering whether the evidence was admissible because it was intrinsic to the other evidence, and whether it was admissible under Rule 404(b)). Under Rule 404(b), this evidence is admissible "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The Court was within its discretion to permit this evidence. As discussed, it was relevant, and it was not unfairly prejudicial because it was similar in kind and close in time to the charged crimes, as well as supported by sufficient evidence from which the jury could conclude it was true. *See, e.g.*, *United States v. Kern*, 12 F.3d 122, 124-25 (8th Cir. 1993).

McCauley next argues that his statements to Drug Enforcement Administration Special Agent Steve Mattas after his initial arrest in February 2007, specifically his offer to cooperate, should have been excluded as a plea negotiation under Rule 11. That Rule,

6

however, "by its plain language . . . makes clear that a statement must be given in the course of plea negotiation discussions" in order to be excluded. *United States v. Morgan*, 91 F.3d 1193, 1195 (8th Cir. 1996) (internal quotations omitted). As in *Morgan*, there was no specific plea offer made in this case, no offer to drop charges, and no involvement of a defense attorney. Thus, the Court did not err in admitting these statements.

McCauley also argues that the Court erred when it admitted evidence from the residence and Audi at 4647 Brandon Woods. McCauley argues that it was insufficiently linked to him since the residence and Audi were not registered to him and instead were registered to Hocks. As discussed above, there was testimony that McCauley used this residence and Audi to store marijuana and that Hocks was McCauley's associate. Therefore, the evidence was admissible against McCauley.

As further support for his motion for a new trial, McCauley argues that the Court improperly limited his cross examination of Corrado Bartolacci and improperly excluded evidence of Bartolacci's prior statements to law enforcement. As McCauley notes in his motion, this issue is governed by Rule 608(b), which places the determination squarely in the discretion of the Court. Fed. R. Evid. 608(b). As the Court noted at the time of its ruling, the false statement that McCauley sought to admit was corrected in the same interview, which limits its probative force in impeaching the witness. The Court was within its discretion to sustain the Government's objection to this line of questioning.

McCauley also renews his contention that the Court should have given his proposed instruction number 12, which would have instructed the jury that "[i]f you have

7

a reasonable doubt as to the crime of conspiracy to commit money laundering, as charged against defendant in Count Twenty-Eight of the indictment, that at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding, then, you must find him not guilty of that charge" [Doc. # 274-1 at 4-5]. McCauley characterizes this proposed instruction as the "converse" of the instruction for money laundering, "intended to focus the jury on the notion that he must be found to have joined the specific conspiracy charged in Count Twenty-Eight and knew the purpose of this specific agreement" [Doc. # 287 at 36]. However, this "converse" instruction was not "a more involved theory involving 'law' or fact, or both, that is not so obvious to any jury" such that it is a theory of the defense instruction to which a defendant might be entitled. *United States v. Peltier*, 585 F.2d 314, 328 (8th Cir. 1978). Further, because Instruction No. 29 adequately described the elements for the crime of conspiracy to commit money laundering, the Court did not err in refusing to give McCauley's proposed instruction.

### C. Arrest of Judgment

Rule 34 states that "upon the defendant's motion or on its own, the court must arrest judgment if: (1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34. The Fifth Superseding Indictment charged thirty counts, and this Court did not lack jurisdiction to handle this case, which involved a violation of federal criminal laws. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive

of the Courts of the states, of all offenses against the laws of the United States."). The Court denies Defendant's motion for an arrest of judgment.

### D. Forfeiture Count

Finally, McCauley has raised the issue of a factual discrepancy in the Government's evidence with respect to the forfeiture allegation. Shortly after the trial the Government provided a report by S/A Mattas to the defense attorney, alerting him that following the trial McCauley had made an unsolicited statement to S/A Mattas. According to McCauley, S/A Mattas had misstated Brian Jackson's testimony that McCauley said he was getting over 100 pounds a week of marijuana in 2008. McCauley claimed that Jackson's testimony was instead related to 2006 distributions. Witness Brian Jackson later confirmed to S/A Mattas that his recollection was that McCauley's statement was made in 2006.

The parties represent that testimony during the forfeiture hearing was incorrect, and that a correction of such testimony may result in a lower total forfeiture amount than originally advocated. Both parties are amenable to further briefing on this limited issue. Thus, the Court orders that within fifteen days of this order, the Government file its brief regarding this specific issue. McCauley shall have fifteen days after the Government files its brief to submit his brief. The evidence at trial established the existence of drug and money laundering conspiracies sufficient to support a forfeiture determination. The Court reserves ruling the amount of that forfeiture.

## II. Conclusion

Accordingly, it is hereby ORDERED that the parties submit briefing regarding McCauley's forfeiture count, consistent with this Order. In all other respects, Defendant Eric Scott McCauley's Motion for Judgment of Acquittal and/or Motion for a New Trial or Arrest of Judgment [Doc. # 287] and Motion for Judgment of Acquittal at the Close of the Government's Evidence [Doc. # 273] are DENIED.

    s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated:   July 5, 2011
Jefferson City, Missouri