# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-cr-04009-SRB-1 |
| | ) | |
| ERIC SCOTT MCCAULEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Eric Scott McCauley's ("Defendant") Motion to Reduce Sentence Pursuant to First Step Act 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. #399.) On June 22, 2021, the Court presided over oral arguments on the pending motion. Upon consideration of the entire record, including the parties' arguments, Defendant's motion is GRANTED.

### I. FACTUAL BACKGROUND

On April 3, 2009, a Fifth Superseding Indictment charged Defendant and two co-defendants with various drug and money laundering offenses. Defendant was charged with conspiracy to distribute and possess with intent to distribute 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Twenty-Nine); monetary transaction in criminally derived property, in violation of 18 U.S.C. § 1957 (Counts Three through Five); money laundering, in violation of 18 U.S.C. § 1956(a) (Counts Seven through Twenty-Seven); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Twenty-Eight); and distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Thirty). (Doc. #130.)

Defendant's co-defendants pled guilty. On March 14, 2011, Defendant proceeded to a jury trial. On March 16, 2011, the jury found Defendant guilty on all counts.[1] On January 19, 2012, the Honorable Nanette K. Laughrey sentenced Defendant to a total term of 276 months of imprisonment. Judge Laughrey also ordered that Defendant serve a five-year term of supervised release upon his release from imprisonment. According to the Government, Defendant's projected date of release from prison is September 28, 2028.[2]

On April 23, 2021, Defendant filed the pending motion for compassionate release. Defendant argues in part that his mother was recently diagnosed with Parkinson's Disease and needs his assistance, that he has exhibited good conduct while in prison, and that he has employment opportunities upon his release.[3] The Government opposes a compassionate release, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to a compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

---

[1] However, with respect to Count One, the jury found Defendant guilty of the lesser included offense of conspiracy to distribute over 100 kilograms of marijuana instead of more than 1,000 kilograms of marijuana as charged.

[2] Defendant has been incarcerated regarding charges filed in this case since December 2008.

[3] Defendant also argues that a sentence reduction is warranted because governmental and societal views regarding marijuana have significantly changed since his sentencing. The Court does not reach this issue because a compassionate release is warranted for the other reasons discussed below.

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020) (citation omitted).

Under these standards, a movant may obtain relief under § 3582(c)(1)(A) if he establishes: (1) the exhaustion of administrative remedies; (2) extraordinary and compelling reasons that warrant a sentence reduction; and (3) that the factors set forth in 18 U.S.C. § 3553(a) support modifying the prison term. *See* 18 U.S.C. § 3582(c)(1)(A); *accord United States v. Smith*, No. CR-07-3038-LTS, 2020 WL 2844222, at *3 (N.D. Iowa June 1, 2020).

### III. DISCUSSION

#### 1. Exhaustion of Administrative Remedies

Defendant argues, and the Government concedes, that Defendant has properly exhausted his administrative remedies. Defendant submitted a request for compassionate release to the warden of his institutional facility on June 1, 2020. Because more than "30 days [have lapsed] from the receipt of such a request by the warden of the defendant's facility," the Court finds Defendant has exhausted his administrative remedies and may seek relief directly from this Court. 18 U.S.C. § 3582(c)(1)(A).

3

## 2. Extraordinary and Compelling Reasons

The Court also finds that Defendant has shown extraordinary and compelling reasons for a sentence reduction. Defendant's family circumstances have recently and significantly changed. On or about May 13, 2021, Defendant's mother was diagnosed with Parkinson's Disease. (Doc. #403, pp. 3-5; Doc. #403-1, p. 2.)[4] Ms. McCauley reports difficulty swallowing, falling down frequently, forgetfulness, and a reduction of fine motor skills. Over the last several years, Ms. McCauley has been the caretaker of her 74 year-old husband. Her husband served in the Vietnam War and is 60% disabled as a result of his service and exposure to Agent Orange. Ms. McCauley's husband also suffers from diabetes, heart disease, cancer, COPD, stenosis, and chronic bronchitis. Ms. McCauley states that it has been "increasingly difficult to care for him as my disease has progressed, and I can no longer do it." (Doc. #403-1, p. 2.) Defendant states that if he is released, he will live with both his mother and his teenage son and can help care for his mother and her husband.[5]

The Court finds that Defendant's family circumstances are extraordinary and compelling. Ms. McCauley and her husband are elderly, have various debilitating and progressive health conditions, and will require additional assistance over time. If Defendant is released, he will be able to provide the care and support that they need.[6]

Additionally, although rehabilitation alone does not constitute an extraordinary and compelling reason, "it is relevant to whether a reduction is warranted." *United States v. McDonald*,

---

[4] All page numbers refer to the pagination automatically generated by CM/ECF.

[5] Ms. McCauley states that her other child is estranged from the family.

[6] During oral argument, the Government asked the Court to not consider any issues related to Ms. McCauley and her husband because Defendant raised them for the first time in his reply brief. However, the Government did not seek leave to file a sur-reply brief, and the record does not show that Defendant engaged in intentional delay. Moreover, the Government did not dispute Ms. McCauley or her husband's health conditions. Under these circumstances, the Court finds that Defendant properly and timely raised these issues.

No. 94-CR-20256-1, 2020 WL 3166741, at *8 (W.D. Tenn. June 8, 2020) (citing *United States v. Rodriguez*, No. 03-cr-00271-1, 2020 WL 1627331, at *8 (E.D. Pa. Apr. 1, 2020)). In this case, Defendant has exhibited good conduct in prison. The record does not show any infractions by Defendant since 2015. Over time, Defendant's custody level has dropped from medium, to low, to his current satellite camp. Defendant has also completed classes in economics, basic personal finance, gemology, business planning, entrepreneur opportunity, and other business management classes. Defendant's conduct and rehabilitation efforts in prison also weigh in favor of a sentence reduction. For these reasons, the Court finds that Defendant has shown extraordinary and compelling reasons in support of a sentence reduction.

The Court also finds that a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "United States Sentencing Guidelines § 1B1.13 and related Commentary from the Sentencing Commission were most recently updated on November 1, 2018, before the effective date of the First Step Act—December 21, 2018." *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391, at *3 (D. Neb. Nov. 14, 2019.) "Accordingly, the Guideline and Commentary still presume that a reduction in sentence under § 3582(c)(1)(A) must be made upon motion of the Director of the Bureau of Prisons." *Id.* "The Commentary describes certain circumstances [medical condition or age of the defendant, or family circumstances] under which 'extraordinary and compelling reasons' for a reduction in sentence are deemed to exist, but the Commentary does not suggest the list is exclusive." *Id.* (citing U.S.S.G. § 1B1.13 app. n.1(A)–(C)).[7]

---

[7] The family circumstances provision is not directly on point in this case. That provision applies upon "the death or incapacitation of the caregiver of the defendant's minor child or minor children," or "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." (U.S.S.G. § 1B1.13 Application Note 1(C).)

5

Further, "Application Note 1(D), titled 'Other Reasons' is a catch-all provision, noting that the Director may determine 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).'" *Id.* (quoting U.S.S.G. § 1B1.13 app. n.1(D)). Many "courts have concluded that the Commission's failure to amend Guideline § 1B1.13 and related Commentary following the First Step Act does not preclude a court from acting on motions for sentence reductions or using the catch-all provision in Application Note 1(D)." *Id.* (citing *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019)); *see also United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020). In turn, the Court finds a sentence reduction in this case would be consistent with applicable policy statements.

### 3. Section 3553(a) Factors

Defendant argues that the sentencing factors set forth in § 3553(a) also support a sentence modification.[8] Among other things, Defendant contends that he has already served a sufficient sentence, that he had no previous felonies prior to this case, and that his convictions were for non-

---

[8] The § 3553(a) factors include:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the kinds of sentence and the sentencing range established for—
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission ...];
    (5) any pertinent policy statement [issued by the Sentencing Commission ...;]
    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7) the need to provide restitution to any victims of the offense.

violent crimes. The Government disagrees, arguing that Defendant was the leader of a drug trafficking conspiracy, that Defendant evaded law enforcement and continued to engage in illegal conduct after his initial arrest, and that Defendant had an infraction for drug possession in prison in 2013.

Upon review of the record, the Court finds further incarceration is not needed to reflect the seriousness of Defendant's crimes, promote respect for the law, or provide just punishment for his offenses. Defendant has already spent over 12 years in prison. Although the nature and circumstances of Defendant's crimes were serious, the Court agrees with Defendant that the "12 and a half years [he] has spent in prison is long enough to reflect the seriousness of his offenses, promote respect for the law, and provide just punishment for his offenses." (Doc. #399-1, p. 14.) Defendant's rehabilitative efforts in prison further support a sentence modification. Defendant also has a viable release plan. He intends to live with his mother and has two employment opportunities if released. Finally, Defendant is subject to a five-year term of supervised release upon his release from imprisonment, ensuring he will continue to be adequately monitored and deterred from engaging in further criminal conduct.

Considering all of the relevant § 3553(a) factors, the Court finds that a sentence reduction is warranted.[9]

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant Eric Scott McCauley's Motion to Reduce Sentence Pursuant to First Step Act 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #399) is

---

[9] A court cannot grant a sentence reduction unless it determines that the defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g). The parties only briefly address this issue. The current record does not show that Defendant would be a danger to the community if released.

GRANTED. Defendant's term of imprisonment is reduced to time served. The Court will enter an amended judgment separately to reflect Defendant's amended sentence.

It is **FURTHER ORDERED** that upon his release from BOP custody, Defendant will begin his five-year term of supervised release as set forth in the Judgment and Commitment filed on January 24, 2012. (Doc. #332.)

It is **FURTHER ORDERED** that Defendant's release from BOP custody shall be subject to the following additional special condition:

(1) This Order is stayed for up to fourteen days, for the verification of Defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release. Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in effectuating these conditions precedent to his release. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended. The Court leaves it to the discretion of the BOP and the United States Probation Office to determine whether quarantine is necessary and, if so, whether that quarantine is served in BOP custody or instead in the community.

The United States Probation Office shall take all appropriate steps to communicate and facilitate Defendant's release.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: June 23, 2021